Spear, J.
The petition charged that at the time of the collision the car, a large passenger car, was being operated on the street negligently, carelessly and recklessly and at a high and dangerous rate of speed; that the motorman was not on the lookout for persons and vehicles approaching the street crossing; that he did not have the car under proper control; that he negligently failed to sound the gong or give other timely or any warning of the approach of the car toward the street crossing, and had the motorman approached the crossing with his car under proper control as he might have had it, he could and would have seen the wagon in ample time to have stopped or so checked the car as to have prevented a collision; and that, when finally seeing as he did the approach of the horse and wagon and that they were about to be driven across the track, and upon seeing as he did the perilous position Brandon was in because of the high rate of speed of the car, the motorman could have stopped or checked the car by the exercise of ordinary care and thus averted the injury, but said motorman nevertheless carelessly, negligently and recklessly failed to exercise such care.
The answer was a general denial and the plea of contributory negligence, which was denied by the reply.
The question presented, therefore, was whether or not the plaintiff’s evidence sufficiently supported his case to give him a right to go to the jury. The court of common pleas was of opinion that *192 it did not; the circuit court held that it did. We are of opinion that, in this difference of opinion, the circuit court was right. The accident occurred about the middle of the forenoon of November 28, 1907, at the corner of Washington and Third streets in a much-frequented part of the city of Steubenville. Each street is sixty feet in width. The car track was in the middle of Third street. The car was approaching the crossing from the south at a rapid rate of speed, one witness fixing it at fifteen miles an hour, and the wagon was approaching on Washington street from the west. It was a bright, clear day. The deceased, with a companion (one Maxwell), a young man, was driving a covered one-horse express wagon, loaded with divers articles of merchandise. Ele was driving at a very slow jog trot, scarcely above a walk. At that point, and approaching the crossing, there is a slight down grade in the direction the wagon was going'. From any point on Third street in the neighborhood of the crossing a car could have been seen several hundred feet distant. Third street for some distance both ways from the crossing, was built up with business places and residences. The horse’s head could have been seen by the motorman, had he been looking in that direction, as soon as it appeared at the junction of the two streets. The horse had gotten over the car track before the impact and thus escaped serious harm. The car struck the wagon about the front wheels. The wagon was thus loosened from the horse and- was shoved sideways and in front of the car. The car was stopped in about *193 three lengths of itself and the wagon in about half that distance. Brandon was thrown under the car and horribly mangled and instantly killed. The companion was thrown up so that the car passed under him and he was landed some distance away unconscious though not fatally, and perhaps not seriously, injured.
There seems no substantial question but that the plaintiff’s evidence, if believed, showed a case of actionable negligence unless we are to assume that the Company had a right to operate its car at a dangerous rate of speed, without warning of approach at crossings, and thus throw all the burden of care on the traveler seeking to cross a street on which the track is laid and the car operated. This we are not ready to concede. Each party had an equal right to use the street at the crossing, making due allowance for. the fact that the car runs upon a fixed track, and by reason of its greater weight being less easy to stop than the smaller vehicle. A duty to be on the lookout to avoid danger is just as fully imposed on the motorman operating a car as upon the driver of another vehicle, and a street car company must operate its cars with reference to the rights of others traveling on the street. The only different right which the railway company has arises from the necessity of the car confining its travel to the tracks, and the consequent inability to .turn out to avoid collision. Furthermore the duty is imposed on the company to so operate its cars as to keep them under control at street crossings in order thereby, so far as may be, to avoid injury *194 to those first reaching the crossing and exercising their right to cross. So that unless the evidence disclosed a case of contributory negligence as matter of law the case should have been given to the jury under proper instructions.
The duty by one intending to cross a street-car track to look for the approach of a car before attempting to cross has not yet been held by this court to be an absolute duty, and its omission negligence as matter of law. The rule in this state as to vigilance on the part of one about to cross a known steam railroad track was established by this court in C. C. & C. R. Co. v. Crawford, 24 Ohio St., 631. It is to the effect that ordinary prudence requires one about to cross a track of a steam railroad to use his faculties of hearing and seeing to avoid injury, and the omission to do so, without reasonable excuse therefor, is negligence which will defeat a recovery for an injury to which such negligence contributed; but such omission will not defeat the action if by due diligence in their use the consequence of defendant’s negligence would not have been avoided; nor will a failure be regarded as negligence if, under all the-circumstances, a person of ordinary prudence would be justified in omitting to use them, the question of negligence and contributory negligence being a mixed question of law and fact to be decided by the jury unless the circumstances of the case admit of no rational inference but that of negligence. The effect of the entire holding is that the omission to look is not negligence in all cases and as matter of law, and it remains the *195 law of Ohio to-day, though there are a number of decisions of courts of other states, notably Massachusetts, which appear to hold a more rigid rule. It is the Ohio rule respecting the crossing of a steam road, and, for a much stronger reason, the rule as to crossing a street railway track. Whether Brandon looked or not is not clearly shown either way by the testimony. Even though omission to look be regarded as negligence, yet we are not to presume negligence on the driver’s part in the absence of proof which establishes it, for negligence is not presumed against either party. It is possible he did look and, mistaking the speed of the car, thought he could safely cross, thus attempting to exercise an undoubted right in a public street. If he did it would be a question for the jury whether a man of ordinary prudence, situated as he was then situated, would have done as he did. But if this is not so, still Brandon had the right to assume that a car would not be running at a high and dangerous rate of speed, and without signal or alarm, and beyond control, and to act on that assumption on approaching the crossing. The driver of such a vehicle is not, in the use of the street, a trespasser, nor a licensee, but one pursuing an undoubted right, and the question always is, did he, in the pursuing of that right, exercise ordinary care? Nor is he bound to refrain from going upon the crossing merely because a street-car is in sight. If he reaches the crossing first he is entitled to cross unless it should appear that the car is in such close proximity, and traveling at such speed, as *196 to make it impracticable to check the same in order to permit him to cross in safety. It was possible for the motorman, had he been in the exercise of ordinary care, to see the horse before Brandon, sitting back in the wagon, could see the car. As before stated, Brandon was not bound, as matter of law, to anticipate negligence on the part of the motorman even though he knew, as apparently he did, that there was a track on Third street and that cars were at intervals operated both ways thereon. It is not negligence in the driver of a vehicle to attempt to cross a street-car track ahead of an approaching car so far away that by the exercise of reasonable vigilance on the part of the motorman it might be stopped or checked before reaching the crossing.
But, assuming that Brandon was guilty of some negligence in driving on the track, yet if the motorman, in the exercise of even ordinary care, after he saw the horse and appreciated Brandon’s peril, had time and opportunity to avoid the possible consequences by checking the car, and neglected to so exercise such care, such neglect would be negligence and might properly be regarded as the proximate cause of the injury.
. Such a situation presents a case where different minds might reach opposite conclusions, and thus was a proper case for a jury under proper instructions.

Judgment affirmed.

Johnson, Donahue and O’Hara, JJ., concur.